<hr />

PETER FOSTER, Respondent, v. JAMES KIRBY, Appellant.

1. Juries in all courts of record must consist of twelve persons. (Vaughn v. Scade, 30 Mo. 600, affirmed.)
2. To recover money paid by mistake it must appear that the sum paid was not equitably due.

*Appeal from St. Louis Law Commissioner's Court.*

This action was commenced in a justice's court, to recover back from the defendant the sum of fifty dollars, alleged to have been overpaid by the plaintiff upon a promissory note given by him to defendant. The cause was tried in a justice's court, where a judgment was rendered in favor of the defendant; an appeal was taken by the plaintiff to the law commissioner's court of St. Louis county, where a retrial was had, and a verdict and judgment rendered for the plaintiff for the amount claimed, and the defendant then brought the cause to this court by appeal, and seeks a reversal of the judgment of the court below.

On the trial of the cause in the court below, the plaintiff demanded a jury, and the defendant required the court to empanel a jury of twelve; which the court refused to do, and the defendant duly excepted.

Foster v. Kirby.

The proof on the part of the plaintiff tended to show a payment of two hundred and eighty dollars upon a note of two hundred and thirty dollars, but without any proof of fraud or mistake. The evidence on the part of the plaintiff is that of the alleged admissions and statements of the defendant, by a witness not present at the transaction of payment between the parties; while the evidence on the part of the defendant showed that there was no mistake or fraud in the transaction, by a witness present at the time of the payment. That the plaintiff asked the defendant how much he owed him; to which the defendant replied, " one hundred and eighty dollars," and the amount as claimed was paid. That it was talked over between the parties prior to the payment of the money, the plaintiff · first speaking of the fact that there was a mistake in the note, but both agreeing that there was no mistake in the amount of money that defendant had loaned to the plaintiff, and the plaintiff at the time claiming to stand treat because the defendant was only getting his own without interest, and that they were not going to have any trouble between them, or make rogues of themselves, on account of the mistake in the note.

These were the only two witnesses sworn on the trial, and the note read in evidence was for two hundred and thirty dollars; but there was no proof showing there was *not* money due not included in the note introduced in evidence.

The court gave the following instruction at the instance of the plaintiff, viz:

"1. If the jury believe from the evidence that plaintiff paid the defendant by mistake on the note given in evidence more money than was actually due thereon at the time of said payment, they will find for the plaintiff the amount of such overplus.

"2. The amount of the note is proved alone by the note, and no parol evidence can be received to contradict the written contract contained in the note."

To the giving of which the defendant then and there duly excepted.

The court thereupon gave the jury the following instruction at the instance of the defendant, viz:

"The jury are instructed that the plaintiff can not recover in this action unless the jury find from the evidence that the plaintiff paid the defendant the money claimed, under a mistake of fact. If the jury believe from the evidence that the mistake was known to the plaintiff before the money was paid, and that plaintiff then voluntarily paid the money, he can not recover it back."

A motion for new trial was overruled, and a bill of exceptions filed, &c.

*C. D. Colman*, for appellant.

A mistake which authorizes a party to recover back money paid on a claim of right, must not only be a mistake of fact, but there must be some fraud, or the means of knowledge must not be equally accessible to both parties. (Mowatt v. Wright, 1 Wend. 355; Wheadon v. Olds, 20 Wend. 174; Bank v. Bank, 1 Hill, 287; Bank v́. Bank, 10 Wheat. 333; Potter v. Everett, 2 Hall, N. Y., R. 252; Haven v. Foster, 9 Pick. 112; Milne v. Duncan, 6 Barn. & Cress. 671.) Money paid with full knowledge of the facts can not be recovered back. (5 Taunt. 143; 9 Cow. 674.) The defendant was entitled to have a jury of twelve persons. (Vaughn v. Scade, 30 Mo. 600.)

BATES, Judge, delivered the opinion of the court.

The statement of the case filed by the appellant is adopted as a correct statement of the case. This case must be reversed because of the refusal of the court below to grant defendant's demand that the jury should consist of twelve persons. (Vaughn v. Scade, 30 Mo. 600.)

The instructions given at the trial were such as might well mislead the jury. They should have declared more explicitly, that, to enable the plaintiff to recover the money paid by him, it should appear that the money was paid under an actual mistake as to the amount which he owed the defend-

ant when he made the payment to him; for, if he did owe the amount paid, it is immaterial that the note was for a less amount; if he paid only what was justly due, he can recover no part of it back.

The other judges concurring, the judgment below is reversed and cause remanded.