THE STATE OF MISSOURI, Defendant in Error, *v.* ABNER VAN MATRE, Plaintiff in Error.

1. *Practice, criminal—Trial—Jurors—Appeal—Bill of exceptions—Motion in arrest.*—Where the record in a criminal cause shows that defendant was tried by a jury of six men, without also showing that he waived his right to a panel of twelve jurors, defendant will be entitled to a reversal on appeal to this court. In such case, the motion in arrest having been filed, this court will inspect the record, and, if error appears, will reverse, even where no bill of exceptions is made out.

In criminal cases, whatever. is good in arrest may be reached by writ of error.

*Error to Johnson Court of Common Pleas.*

*Crittenden & Cockrell*, for plaintiff in error.

I. Defendant was entitled to twelve jurors. ( 2 Black, 719 ; 2 How. 771 ; 6 Blackf. 461 ; 8 Blackf. 561 ; 2 Ohio, 296. )

And the act under which this conviction was obtained, in so far as it provided for a jury of six only, and authorized a conviction upon their finding, is unconstitutional. (1 A. K. Marsh.

The State of Missouri v. Van Matre.

290; 2 Penn. 943; 5 How., Miss., 681; 3 English, Ark., 436.)

II. There can be no waiver of this right of twelve jurors unless the same is entered of record. If such consent do not appear of record, the party may avail himself of the objection by a motion in arrest of the judgment. (30 Mo. 600; 31 Mo. 149; 35 Mo. 408; 37 Mo. 398.)

*A. J. Baker*, Attorney-General, for defendant in error.

I. The record in this cause contains no bill of exceptions signed by the court. There is no affidavit or motion for an appeal. There is no record of an order of the court granting an appeal.

II. The motion in arrest of judgment raises but one point, viz: that the trial was by a jury of six men, and without the consent of the defendant. Trials before a justice for assault and battery are required to be by a jury of six men. (Wagn. Stat. 516, § 31; *id*. 853, § 5.) In appeal cases the number of jurors is by statute required to be the same in the appellate court as in the court from which the appeal was taken. (Wagn. Stat. 800, § 20.)

It is objected in this case that the section last referred to applies only to civil cases, and that the defendant claims that this is a criminal case. It is not made criminal by statute, is not referred to in the chapter on crimes and punishments, nor in the chapter regulating criminal practice. The only offenses treated as crimes by our statute are such as are indictable. The fine for assault and battery is by statute made collectable by civil action. (Wagn. Stat. 516, § 29.) Assault and battery not being a crime *malum in se*, nor made criminal by statute, the trial of it cannot be considered a criminal proceeding. The definition of the terms "crime," "offense," and "criminal offense," as contained in section 36, p. 516, Wagn. Stat., does not include assault and battery. It refers only to such crimes as are punishable by imprisonment or fine, or both, while for assault and battery the punishment is by fine only.

ADAMS, Judge, delivered the opinion of the court.

This was a prosecution for assault and battery, commenced before a justice of the peace and taken to the Common Pleas

by appeal, where the defendant was tried by a jury of six men and found guilty, and a fine of $50 assessed against him. Final judgment was given on the verdict, and the defendant filed a motion in arrest, alleging as cause for arresting the judgment, that he had been tried by a jury of six men without his consent. This motion was overruled by the court. There was no bill of exceptions.

In criminal cases this court will look into the record, and, if error appears, will reverse the judgment. So also in criminal cases, whatever is good in arrest may be reached by writ of error. (McGee v. The State, 8 Mo. 495.)

It appears from this record that the defendant was tried by a jury of six men. It does not appear that he gave his consent to be tried by six men. Under the constitution of this State, in courts of common-law jurisdiction the defendant in criminal cases has the right to a panel of twelve jurors. So in civil cases, either party in common-law courts has the right to demand a jury of twelve men. This seems to be the settled law of this State. (See Vaughn v. Scade, 30 Mo. 600; Foster v. Kirby, 31 Mo. 496; Henning v. Hann. & St. Jo. R.R. Co., 35 Mo. 408; Brown v. Hann. & St. Jo. R.R. Co., 37 Mo. 298; Const. Mo., art. I, §§ 17–8.)

Judgment reversed and cause remanded. The other judges concur.