HENRY D. ASHLEY, Plaintiff in Error, v. RUFUS P. JENNINGS, Defendant in Error.

Kansas City Court of Appeals, February 8, 1892.

1. **Principal and Agent**: ACTION AGAINST AGENT . MISTAKE. Where one through mistake pays to an agent money believed to be due the principal, and the agent receives it and passes it into his principal's possession with the knowledge of the payer, such payer cannot maintain an action for the money so paid against the agent.

2. **Evidence**: MONEY HAD AND RECEIVED. In an action against an agent for money paid through mistake of fact for his principal, it is error not to allow the defendant to show that the principal's loss in the transaction was greater than the money paid through mistake.

3. **Money Had and Received**: MISTAKE: CONSIDERATION. The action to recover money paid by mistake is for money had and received, which in equity and good conscience ought to be returned, and the mistake must be to such an extent as to destroy the consideration; and so where both parties believe the amount due greater than it really is, and, in consequence of such belief, an amount is paid, but less than the amount truly due, with intention to make future payment up to the amount believed to be due, upon discovery of the mistake, the action does not lie to recover the payment made.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Ashley & Gilbert*, for plaintiff in error.

(1) Money paid under a mutual mistake of a material fact may be recovered back. *Koontz v. Bank*, 51 Mo. 275; *Morrow v. Surber*, 97 Mo. 155; *Bank v. Allen*, 59 Mo. 315; *Davis v. Krum*, 12 Mo. App. 286; *Newell v. Smith*, 53 Conn. 72; *Lyle v. Shimbarger*, 17 Mo. App. 74; *Wolf v. Beard*, 123 Ill. 585; *Tracy v. Tracy*, 149 Mass. 211; Kerr on Fraud & Mistake, sec. 415; 15 Am. & Eng. Ency. of Law, p. 677, and cases cited. (2) Money paid under a mutual mistake of a material fact may be recovered back, even though the party receiving the money was a mere agent to the knowledge of the party paying, and has paid the money over to his principal, and even though the party paying had the means of discovering the mistake, and might by care and attention have availed ..  ' '  -ʳ ⁺ʰᵒˢᵒ means of knowledge. *Koontz v. Bank, supra; Rheel v. Hicks*, ᵼᵤ ᵼᵥ. ᵼ. 289; *Bank v. Eltinge*, 40 N. Y. 391. (3) An agent signing his own name to a written document will be bound personally, and will not be allowed to give parol

proof that he did not intend to bind himself personally. 1 Benjamin on Sales, pp. 235, 252, 255, 256 ; Mecham on Agency, sec. 558 ; Story on Agency, sec. 269 ; *Seater v. Hines*, 24 Mo. App. 620 ; 1 Greenleaf on Ev., sec. 305 ; 1 Am. & Eng. Ency., p. 387, and cases cited.

*B. A. Bartlett*, for defendant in error.

(1) The evidence shows no material mistake of fact. "The mistake must be material." *Wood v. Evans*, 43 Mo. App. 233, 234. (2) The mistake of fact, if any there was, was not such as to justify a recovery of the money paid by Kapy to defendant. In order to entitle one to recover money paid by mistake of fact, it must appear that the sum paid was not due. *Davis v. Krum*, 12 Mo. App. 287 ; *Foster v. Kirby*, 31 Mo. 498 ; *Sientes v. Odier*, 17 La. Ann. 153. And that there was no consideration for the payment. *Koontz v. Bank*, 51 Mo. 279 ; *United States v. Barlow*, 132 U. S. 281 ; *McMurty v. Railroad*, 84 Ky. 462. Such payment cannot be recovered where the payer has derived a substantial benefit from the payment. *Morrison v. Blethen*, 19 Me. 348. If a party has paid what the law would not have compelled him to pay, but what in equity and good conscience he ought to pay, he cannot recover it back. *New York v. Erben*, 10 Bosw. (N. Y.) 189 ; *Edgar v. Shield*, 1 Grant (Pa.) 361. [(3) Parol evidence is admissible to show whether it is by a written contract the agent or principal is intended to be held bound. *Zigler v. Fallon*, 28 Mo. App. 299, and cases cited ; *Klosterman, Adm'r, v. Loos*, 58 Mo. 294. The instrument sued on is a mere receipt "on account." No principle is better settled than that a receipt may be explained by parol evidence. *Wetherford v. Farrar*, 18 Mo. 474 ; *Carpenter v. Jamison*, 6 Mo. App. 216 ; 75 Mo. 285 ; *State ex rel. v. Fenlon*, 34 Mo. App. 199. If a part only of a contract be reduced to writing, the part left out may be supplied

by parol evidence.   *Lumber Co. v. Warner*, 93 Mo. 374;
*State v. Yeoman & Hoshaw*, 98 Mo. 358.   (4) The
appellate court will not interfere with the province of
the trial court on its conclusion as to the facts.   *Hemel-reich v. Carlos*, 24 Mo. App. 264; *Swayze v. Bride*, 34
Mo. App. 414; *Krider v. Milner*, 99 Mo. 145.

GILL, J.—At the dates herein mentioned defendant
Jennings was engaged by Dold & Son, packers at
Kansas City, as a kind of assistant manager of their
business.  In September, 1888, one Kapy bought of
Dold two carloads of fertilizing material and immedi-ately shipped the same east.   In payment thereof Kapy
gave his two checks on a Kansas City bank, the one for
$277.08, and the other for $276.90.    Dold deposited
these checks with his bank, but the next day they were
informed that both were refused payment.   Thereupon
Dold sought out Kapy and requested him to make good
the dishonored checks.   In response to this Kapy met
with Jennings, Dold's manager, and turned over the
bills of lading for the two cars, and agreed to place
with Dold, or Jennings, the manager, $450 to cover the
loss on the checks, as well as anything that might be
lost on a resale of the fertilizing material.   Kapy at the
time only paid over $150, but promised in a day or two
to make up the full amount.   For this $150 Jennings
gave the following receipt:

"October 3, 1888.

"Received of S. Kapy $150, on account.

"R. P. JENNINGS."

A few days thereafter the parties learned (and
which was the fact) that only one of the Kapy checks
was refused payment.   The check for $277.08 was paid,
but the check for $276.90 was not, and in fact has never
been paid.   So then at the time Kapy left the $150 with
Jennings (which was a part of the $450 to cover loss
on the fertilizer and checks) both parties were inno-cently mistaken as to the extent of Kapy's default.

VOL. 48—10

Instead of being $553.98 (the sum of the two checks) it was only $276.90, the amount of one. Now plaintiff Ashley, assignee of Kapy, sued the defendant for a return of the $150, and relies on the fact of this mistake as ground for his recovery. The cause was tried before a jury in the circuit court; verdict and judgment for defendant, and plaintiff appealed.

It is difficult to see upon what theory it was expected to maintain this suit against defendant Jennings. He was acting throughout as the known agent and representative of Dold & Son. Kapy went to the office of the packers and made this deposit of $150 with Dold & Son, not with Jennings. Because he, as manager of the business there, received and passed it into the possession of his employers (which was well known to Kapy) did not fix upon him, it would seem, any personal liability. Nor did the fact that he signed the receipt in his own name have the effect to charge him under the circumstances. This was subject to explanation, and it was clearly shown that he was acting as Dold's agent in the entire transaction.

But, however this may be, there is no case here for the plaintiff. Ashley, as the assignee of this claim, has no greater rights than his assignor, Kapy,—he must stand in Kapy's shoes.

Now at the trial the court, at plaintiff's suggestion, refused defendant's offer to show that the shipment of the fertilizing stuff was entirely lost to Dold & Son, and in this we think the court was in error. But the error was against defendant, and committed by plaintiff's invitation, and hence plaintiff cannot complain. However, leaving off this matter and the case is thus presented: Kapy was in default with Dold as the parties first honestly thought, in the sum of $553.98, but as was subsequently learned only $276.90. To save Dold & Son from this default Kapy deposited the $150, and agreed in a day or two to swell this amount to $450. In this he failed, and now seeks (through his assignee)

to get back the $150, because both parties were mistaken as to the amount in default. His delinquency is $276.90, instead of $553.98, but even yet owes more than the $150, thus paid.

Plaintiff relies on the ground of the admitted right to recover money paid on a mistake of fact. But this right does not exist in every case where there is a mistake. The mistake must be to such an extent as will amount to destruction of the consideration. *United States v. Barlow*, 132 U. S. 281. The action to recover money so paid is for money had and received, which has been likened to a bill in equity, where it is shown that the defendant has the money of the plaintiff, which in equity and good conscience he ought not to retain. But this implied obligation to pay back the money does not arise, in equity and good conscience, when the defendant has an equitable lien on the money. 2 Greenl. Ev., sec. 117. Although the parties here were mistaken in part as to the necessity of Kapy paying this money into the hands of Dold & Son, yet as the facts were the $150 did not satisfy the demand against Kapy. If he did not then pay more than was due he cannot in equity and good conscience be permitted to recover it back, notwithstanding there was a mistake as to the amount he owed. *Foster v. Kirby*, 31 Mo. 496; *Davis v. Krum*, 12 Mo. App. 287; *Eddy v. Smith*, 13 Wend. 489; *Woodbury v. Jones*, 3 Gray, 263; *Clift v. Stockdon*, 4 Litt. (Ky.) 215. This is not a matter of set-off or counterclaim; but these matters go to the inherent right, or want of right, in the plaintiff to recover this money.

We have examined and considered every question suggested in plaintiff's brief, and discover no reason for reversal. The judgment was clearly for the right party, and will be affirmed. All concur.