Crew, J.
The only question before us upon this record is, had the justice of the peace before whom the complaint was filed in this case — the offense therein charged being a misdemeanor and punishable by imprisonment — jurisdiction or authority to hear and determine such complaint without the in *349 tervention of a jury, the right to a jury not having been waived by the accused otherwise than by his failure to make a demand therefor? The prosecution in this case was for a violation of Section 6951, Revised Statutes, which provides that: “Whoever * * * unnecessarily or cruelly beats * * * any animal * * * shall be fined not more than two hundred nor less than five dollars, or imprisoned not more than sixty days or both.” Jurisdiction to hear complaints for a violation of the provisions of the above section is specially conferred upon justices of the peace and the mode of trial prescribed by Section 3718a, Revised Statutes, which provides: “Any justice of the peace * * * shall have jurisdiction within his county, in all cases of violation of the laws to prevent the adulteration of food and drink, the adulteration or deception in the sale of dairy products or any other foods, and drugs and medicines, and any violation of the law for the prevention of cruelty to animals or children, or under Sections 3140-2, 4364-24, 4364-25, 6984, 6984.a of the Revised Statutes of Ohio.
“\Judicial proceedings in such cases before justices.] In any such prosecution where imprisonment may be a part of the punishment, if a trial by jury be 'not waived, the said justice of the peace shall, not less than three nor more than five days before the time fixed for trial, certify to the clerk of the court of common pleas of his county that such prosecution is pending before him. Thereupon said clerk shall proceed to draw, in the presence of representatives of both parties, from the jury wheel or box containing the names of persons selected to serve as petit *350 jurors in the court of common pleas in said county, twenty ballots or names, which shall be drawn and counted in the same manner as for jurors in said court of common pleas. Said clerk shall forthwith certify the names so drawn to said justice of the peace, who, upon receipt thereof, shall issue to any constable of the county a venire containing such names to serve as jurors to try such case and make due return thereof. The jurors shall be subject to the same challenges as jurors are subject to in criminal cases, except capital cases, in the court of common pleas. If the venire of twenty names be exhausted without obtaining the required number to fill the panel, the justice shall fill the panel with talesmen in the manner provided for criminal cases in said court of common pleas.”
The provisions of the foregoing section, touching the impanneling of a jury, are too plain and explicit to be mistaken, and too positive in character to be disregarded. The requirement is that a jury shall be drawn and impanneled as therein provided, if a trial by jury be not waived. And the justice is without right or authority to hear and render final judgment in any prosecution under this section, unless the accused shall have first waived his right to a jury trial. Section 5 of Article I of the Constitution of Ohio provides that: “The right of trial by jury shall be inviolate.” And by Section 10 of Article I it is provided that, “in any trial in any court the party accused shall be allowed * * * a speedy public trial by an impartial jury of the county or district in which die offense is alleged to have been committed.” This language of the Constitution is *351 clear and imperative, and it is beyond the power of the courts to abridge or impair the right to a trial by jury, thus clearly, and expressly given. The right may be waived by the accused (Dillingham v. State, 5 Ohio St., 280), but it can not be taken from him by the court. Can it be then, in view of this constitutional guaranty, that in a criminal prosecution under a statute which makes it a condition precedent to the right of the justice to hear and determine the particular cause that the accused shall waive his right to a trial by jury, that the mere silence of the accused, or his failure to make demand for a jury, shall be held to amount to the waiver of such. right and to a consent upon his part to be tried by the justice? We think not. Waiver of such right by act of the party is not to be assumed unless his act clearly and necessarily involves such waiver (Hanoff v. State, 37 Ohio St., 187). While under above Section 3718a, the waiver of a jury by the accused is not, as under Section 7147, Revised Statutes, required to be “in a writing subscribed by. him and filed before or during the examination,” and may therefore be orally made, or perhaps the right of the accused be concluded by his acts or conduct, yet the defendant in a criminal case is not to be deprived of his right to a trial by jury upon a mere implied or constructive waiver of such right, but his intention to waive a jury must clearly and affirmatively appear and never be left to doubtful implication. In the case of United States v. Rathbone et al., 2 Paine, 578, Mr. Justice Thompson, after stating it as a proposition too clear to require argument or authority in support of it, that the right of trial by *352 jury secured by the Constitution of the United States is a privilege with which the parties may dispense' if they choose, adds, “that whenever a party is concluded by his own act, and held to have waived any right or privilege, such act should not be left doubtful, but should plainly and explicitly appear. Every reasonable presumption should be made against the waiver, especially when it relates to a right or privilege deemed so valuable as to be secured by the Constitution.” The rule that waiver of the right to trial by jury must be by affirmative act or declaration, and not be left to mere implication, finds additional support in the following cases and authorities: Ward v. People, 30 Mich., 116; People v. Mallon, 39 How. Pr., 454; Hodges v. Easton, 106 U. S., 408; State v. Van Matre, 49 Mo., 268; Smith et al. v. Pollock, 2 Cal., 92; Am. & Eng. Ency. of Law, Vol. 17, p. 1099; Ency. of Pldg. & Prac., Vol. 12, p. 257; Cancemi v. People, 18 N. Y., 128; Brown v. State, 16 Ind., 496. The prosecution in this case being under a statute which requires the trial to be by jury, unless a trial by jury be waived, the accused was under no obligation to make formal demand for that mode of trial, but he had the right to assume that the court would, without demand therefor, accord to him the kind of trial guaranteed to him by statute. In the present case the record does not affirmatively show that the accused, Washington Simmons, waived his right to a jury trial, or consented that the complaint against him might be tried by the justice, but the record informs us only that: “Trial was had on the 22d day of December, 1903, the parties being present. The defendant did not demand a jury.” And the *353 foregoing is the only entry or evidence in the case tending in any manner to prove or establish such waiver or consent. The justice could not acquire jurisdiction by the mere assertion of it, and a jury not having been waived, he was without authority or right to hear and render final judgment in this case; and the trial, conviction and sentence by him of the accused, Washington Simmons, without the intervention of a jury, was therefore not only improper and irregular, but was wholly without the sanction Of- the law. This conclusion is not in conflict with Dailey v. State, 4 Ohio St., 57, or Billigheimer v. State, 32 Ohio St., 435. Both of these cases having been prosecuted under statutes which conferred upon the court jurisdiction to try the complaint, if the defendant did not demand a jury trial, are clearly distinguishable from' the case at bar. In Dailey v. State, supra, proceedings were commenced against John Dailey, by information filed in the Probate Court of Lucas County, charging him with selling intoxicating liquors contrary to the provisions of an act to provide against the evils resulting from the sale of intoxicating liquors, passed May 1, 1854. The probate act, passed March 14, 1853, “Defining the jurisdiction and regulating the practice of probate courts,” was then in force, and said áct conferred upon the probate court jurisdiction to hear such complaint or information and prescribed the mode of trial, Section 42 of said probate act providing that: “Upon a plea other than a plea of guilty, if the defendant do not demand a trial by jury, the probate judge shall proceed to try the issue.” It will be observed that the language of this section is essentially different from the lan *354 guage employed in Section 3718a, under which the present prosecution was instituted. Under the former section the probate court shall try the cause, “if the defendant does not 'demand a jury;” under the latter the court can not try the cause unless the defendant “waive a trial by jury.” In the one case, by the express terms of the statute, the mere silence of the accused, or the failure to assert his right, is sufficient to give the court jurisdiction to try the complaint; in the other the court is without right to hear and determine- the cause unless the defendant first waive his right to a trial by jury. Slocum v. Lessee of Swan et al., 4 Ohio St., 162. In Billigheimer v. State, supra, the prosectuion was upon an information filed in the police court of the city of Cincinnati, charging Billigheimer with a violation of the statute forbidding common labor on the first day of the week. Jurisdiction to hear such complaint was conferred upon the police judge by a statute (S. & C., Vol. 2, p. 1520) which provided: “The police judge shall have in all criminal cases, the powers and jurisdiction that are or may be in law vested in the justices of the peace of the county, in all respects whatsoever; * * * he shall have jurisdiction of all violations of the ordinances of the city, and of all cases of petit larceny and other inferior offenses which do not require an indictment or presentment of the grand jury, with power to hear and determine the same where a jury is not demanded in cases where it may be properly claimed.” So it will be seen that in each of the two cases above cited, by express provision of the statute, authority was conferred upon the court hearing the complaint to try and determine *355 such complaint without the intervention of a jury, provided the accused did not demand a jury trial, and in neither of said cases was such demand made; Obviously, therefore, these cases are distinguishable from the case at bar; for in the present case no authority was given the justice to try the accused unless he should first waive the right of trial by jury — a right guaranteed to him -both by the Constitution and the statute — and no such waiver appears in this case. From these considerations it follows that the judgment of the circuit court affirming the judgment of the court of common pleas and of the justice of the peace was erroneous, and must therefore be reversed.

Judgment reversed.

Shauck, C. J., Price, Summers, Spear and Davis, JJ., concur.