Carpenter vs. Momsen.

Carpenter, Respondent, vs. Momsen, Assignee, Appellant.

*January 8 — March 10, 1896.*

*Agency: Loan brokers: Voluntary payments: Reimbursement: Lien on papers, etc.: Pleading.*

[1. Whether an agent employed to loan money on mortgage security can, in equity, obtain an accounting and repayment from his principal of sums voluntarily advanced by him to pay interest on the loans without the knowledge of the principal, if the mortgaged property is sufficient to satisfy the claims of both, not determined.]

2. The fact that, after satisfying the claims of the principal from the mortgaged property, there will be a surplus from which the agent might be reimbursed for such advances, is not sufficiently shown by the mere estimate of the agent, based upon very superficial and limited knowledge, that "if the lands are properly handled" there will be a surplus.

3. An agent to loan money on mortgage security cannot recover from his principal taxes voluntarily paid by him on the mortgaged lands and disbursements made by him in the foreclosure of second mortgages thereon owned by himself, on the ground that he has executed to the principal quitclaim deeds of the lands (which were bid in by him at the foreclosure sales) and that such disbursements have thus inured to her benefit, unless it appears that, with full knowledge of the facts, she has elected to accept such deeds and has thus ratified his acts.

4. An agent to loan money on mortgage security, in whose hands certain securities have been placed for foreclosure, has no lien thereon for reimbursement of expenditures made by him on account of other loans, his lien, if any, being a specific and particular one.

5. A petition in assignment proceedings alleged that a certain note came to the hands of the assignee. His answer stated, on information and belief, that he had not the note but it was in the hands of a former agent of the assignor. *Held,* that this did not deny that the note came to his hands, or show that it was not then within his control.

Appeal from a judgment of the circuit court for Milwaukee county: D. H. Johnson, Circuit Judge. *Affirmed.*

Carpenter vs. Momsen.

Frederick T. Day, the appellant's assignor, was a money broker, engaged in placing mortgage loans, for clients, upon farming lands in the states of Wisconsin, Minnesota, and the Dakotas. This business grew to be very large. He made loans for the respondent, amounting to upward of $30,000, in upward of thirty loans. From time to time, as the loans were paid in, he reloaned the money. The loans were made in the respondent's name, and the securities were delivered to and kept by her. They were delivered by her to Day in case they were to be collected or foreclosed, and on whatever occasion she might determine. Day's custom in making loans was to take a second mortgage upon the same property, in his own name, to secure his commissions, expenses, and disbursements. He collected respondent's interest, and whenever interest or taxes were in default he received the mortgages from her, and foreclosed them in her name. Sometimes he bid in the mortgaged premises at her foreclosure sale in his own name, and on resale credited the respondent with the proceeds. Sometimes he foreclosed his own second mortgage, instead of foreclosing her first mortgage, and bid in the premises in his own name. Before making the assignment hereafter mentioned he made quitclaim deeds of the lands so standing in his name, by virtue of such foreclosures, to the respondent, and placed them among her papers in his hands. He did not notify her of such quitclaims, nor deliver them to her, otherwise than to place them among her papers without her knowledge. In some cases he advanced the interest which was in default on her securities, and paid the taxes which were in default against the mortgaged premises, or bought up the tax certificates; but he did not notify the respondent of such payments or advances, and she was ignorant that the mortgagors were in default in payment of interest or taxes.

On the 3d day of June, 1893, Day made an assignment for the benefit of his creditors to the appellant. At the time of making such assignment he had in his hands, for

collection and foreclosure, papers and securities belonging to the respondent, representing nine of the several loans. In connection with these securities he had paid taxes, advanced interest, and disbursed expenses of foreclosure proceedings. Besides these disbursements he claims to have made similar disbursements to a considerable sum for the protection and foreclosure of other loans made for the respondent, of which the securities were not then in his hands. These securities, representing the nine loans, came by the assignment to the hands of the appellant, as the assignee of Day. As such assignee he claims a lien upon the papers and securities, with the right to retain possession of them, for reimbursement of all Day's expenditures and advances in connection with these nine specific loans, not only, but he claims, also, a general lien upon these securities for similar expenditures and advances which Day made in connection with other loans.

This is a proceeding in the assignment matter, on behalf of the respondent, to obtain possession of the papers and securities in the said nine several loans. The respondent offers to pay to the assignee $717.51 to reimburse the expenditures of Day for taxes and foreclosure proceedings on account of these nine loans. She offers to reimburse all moneys expended by him for taxes paid and tax certificates bought after these securities were put into his hands for collection or foreclosure, and the expenses of foreclosure in all the following cases: (1) Where the title has become vested in her by the foreclosure of her first mortgage; and (2) all cases which are *in statu quo*, or in which the first mortgage is in process of foreclosure, or in which the land has been bidden in in her name but the equity of redemption has not yet expired. As to the taxes which were paid before the mortgages were put into his hands for collection, and the interest advanced by him for the several mortgagors, without her knowledge, she deems that these were mere voluntary payments, which created no legal charge against her and no

lien upon her papers; and as to those other cases where Day obtained title to the lands by the foreclosure of his own second mortgages, she deems that whatever disbursements were made by him were voluntary and for the advancement of his own interests and the protection of his own securities, and created no charge against her nor lien upon her papers. She also deems that whatever lien Day might have upon her papers and securities is a specific lien upon the securities benefited by the expenditure, and not a general lien for a balance due upon all the transactions in which Day has been acting for her.

The cause was tried before a referee. The referee found the facts in substance as above detailed, and held, as matter of law, that the respondent was entitled to the possession of the papers on payment of the sum tendered. The report was confirmed by the circuit court, and judgment rendered accordingly, from which this appeal is taken.

For the appellant there were briefs by *Elliott, Hickox & Groth*, and oral argument by *E. S. Elliott* and *C. T. Hickox*. They contended, *inter alia*, that by advancing to the petitioner the interest on her mortgages, under the circumstances, Day became and was subrogated, to the extent of the sum so advanced, to all the rights which the petitioner had against the lands upon which said sums were a charge or lien. *Skinner v. Tirrell*, 21 L. R. A. 673, 674; *Emmert v. Thompson*, 49 Minn. 386; *Arnold v. Green*, 116 N. Y. 566; *Bush v. Wadsworth*, 60 Mich. 255. See, also, *Blodgett v. Hitt*, 29 Wis. 169, 181; *Levy v. Martin*, 48 id. 198, 205; *Hough v. Ætna L. Ins. Co.* 57 Ill. 318, 11 Am. Rep. 18. By the payment of taxes on said lands Day became and was subrogated to the lien of the state, and said lien for taxes is paramount to the mortgage lien of the petitioner. Cooley, Taxation, 351; *Horton v. Ingersoll*, 13 Mich. 409; *Levy v. Martin*, 48 Wis. 198; *Fiske v. Brunette*, 30 id. 102; *Evans v. Burns*, 67 Iowa, 179; *Garrettson v. Scofield*, 44 id. 35; *New England L. & T. Co. v. Young*, 81 Iowa, 732; *Weston v. Meyers*, 45

Neb. 95; *Adams v. Osgood*, 42 id. 450; *Whittaker v. Wright*, 35 Ark. 511; *Ringo v. Woodruff*, 43 id. 469; *Curry v. Curry*, 87 Ky. 667, 12 Am. St. Rep. 504. The amounts which Day paid for taxes and for foreclosures, etc., in and about the management and protection of the petitioner's lands, are a legal charge against the petitioner, and entitle Day to a lien on the papers in his hands. *Chappell v. Cady*, 10 Wis. 111; 1 Am. & Eng. Ency. of Law, 428; *Arians v. Brickley*, 65 Wis. 26. The petitioner is not entitled to the possession of the papers demanded, as against the assignee, while the charges and liens above mentioned remain unsettled. The petitioner is amenable to the rule that they who seek equity must do equity, and that complete equity must be done between the parties. *Yeackel v. Litchfield*, 13 Allen, 417; *Thomas v. B., F. K. & P. R. Co.* 109 U. S. 522. A trustee is not bound to surrender up the trust property until an accounting is had and he has been repaid all proper costs and advancements. Beach, Mod. Eq. Jur. § 276; Perry, Trusts (2d ed.), §§ 907, 910; Jones, Liens, § 1177; *Johnson v. Leman*, 19 Am. St. Rep. 63, and note.

*Paul D. Carpenter*, attorney, and *W. H. Timlin*, of counsel, for the respondent, argued, among other things, that the payments by Day were voluntary. *Clancy v. McEnery*, 17 Wis. 177; *Bancroft v. Abbott*, 3 Allen, 524; *Whiting v. Aldrich*, 117 Mass. 582; *Beach v. Vandenburgh*, 10 Johns. 361; *Walkill v. Mamakating*, 14 id. 87; *Denby v. Moore*, 1 Barn. & Ald. 123; *Skyring v. Greenwood*, 4 Barn. & Cres. 281. Day had no lien on the papers; and if he had it is now lost and cannot be revived. Mechem, Agency, §§ 676–680, and cases cited.

The following opinion was filed January 28, 1896:

NEWMAN, J. The appellant concedes that generally an agent, in such relations as existed between Day and the respondent to this subject matter, could not recover at law for interest so voluntarily advanced without the knowledge of

Carpenter vs. Momsen.

his principal, but claims that equity will require an accounting and repayment in cases where the property which is subject to the principal's lien is sufficient to satisfy the demands of both principal and agent, so that after satisfying all the demands of the principal the agent may be reimbursed from the residue. It is not necessary to consider very closely the validity or scope of this proposition, for it is not clear that, if correct, it has any application to this case; for as yet it is not established that there will be a *residuum* after the respondent has received her own. That such a result is even probable cannot be said to be satisfactorily shown. The only testimony bearing upon that question is the testimony of Day himself. He estimates, upon consideration of the judgment and caution which he deems his agents to have bestowed in the investigation of the character and value of the lands at the time when the loans were placed, and of his own general knowledge of the character and value of the lands, derived in passing through the country on railroad trains, and "if the lands are properly handled," that there will be a surplus. It is manifest that such estimates, based upon such superficial and limited knowledge, are not very trustworthy as evidence of the probable value of the lands. Especially in view of the experiences in recent years of the depreciation and demoralization of the prices and values of farming lands in those newer parts of the country, whereby prices and values have been broken down so as to be, in many cases, scarcely more than nominal, such estimates are as untrustworthy and unsubstantial as the "baseless fabric of a vision."

The appellant also contends that the respondent should reimburse all the taxes paid by Day,— those paid before, as well as those paid after, he had received the mortgages for collection,— and all disbursements which Day made in the foreclosure of the mortgages, as well his own second mortgages as her mortgages; for, he urges, all these disbursements have inured to her benefit through the voluntary

Carpenter vs. Momsen.

quitclaim of the lands to her. But these quitclaims were never delivered to or received by her, and she had an election whether she would receive them with such a burden. It might well be more to her profit to foreclose her own lien than to assume these charges. As to her, such disbursements were merely voluntary payments, made for the purpose of protecting his own interest in the lands. They are of no concern to her unless, with full knowledge, she elects to receive title through his foreclosures, and so ratifies his doings in that regard.

Day had no lien upon the papers and securities in these nine particular loans for reimbursement of expenditures which he may have made on account of other loans. Whatever lien he may have had upon any of the respondent's papers was a specific and particular lien, and not a general lien. No one who is not an attorney at law has a general lien upon his client's papers. This general lien upon a client's papers is peculiar to the profession of attorney. Jones, Liens (2d ed.), § 125; *Hollis v. Claridge,* 4 Taunt. 807; *Arthur v. Sylvester,* 105 Pa. St. 233; Mechem, Agency, § 685. And the lien arises only from professional employment. *Worrall v. Johnson,* 2 Jac. & W. 214, 218. It does not appear that Mr. Day was an attorney at law. It appears that the respondent has tendered at least the amount of all the disbursements made by Day on account of the several loans represented by the papers of which the possession is controverted in this proceeding, which were a lien upon any of the papers involved. She is entitled to the possession of the papers.

*By the Court.*— The judgment of the circuit court is affirmed.

The appellant moved for a rehearing. The following opinion was filed March 10, 1896:

NEWMAN, J. In his brief on a motion for a rehearing the appellant complains that "the decision . . . affirms a

judgment that requires, among other things, the appellant assignee to deliver a note of $700, given in the Liscomb loan, which he never had and cannot produce; and there is absolutely nothing in the record to justify the finding upon which said judgment, in that particular, is based." This were indeed a serious error if it were true. But it is not true. All that there is in the record relating to this matter of the Liscomb note is in the pleadings. The answer, according to well-settled rules of pleading, admits that this Liscomb note came to the hands of the appellant, and he does not show that it is not now within his control. The allegation of the petition is that "the same came to the hands of the assignee." The denial is, on information and belief, that "he has not the note demanded, but it is in the hands of a former agent of Day." As a denial it is evasive, as being a negative pregnant, and because it attempts to deny on information and belief what is presumptively within his personal knowledge. The other grounds of the motion are not such as require treatment at length.

*By the Court.*— The motion for a rehearing is denied.