GARLICK, Respondent, vs. MORLEY, Appellant.

*September 15—December 5, 1911.*

*Principal and agent: Assumption of agency: Employment of subagent: Ratification: Evidence: Instructions to jury: Harmless errors.*

1. One may make another his agent by ratifying such other's assumption in the matter, and thereby become liable both to such other and to the third person with whom he deals, as well as by an original contract of employment.
2. Such ratification may occur as well when a person without authority in fact from the principal assumes to have it under another falsely pretending to represent the principal and to employ a subagent, as where there is no intermediary in the matter.
3. There can be no ratification within the meaning of the foregoing rules without action on the part of the principal based on knowledge of the facts; but the ratification may appear circumstantially as well as expressly.

4. Ratification in such case may be presumed from conduct of the principal, such as carrying out the contract and accepting the benefits in like manner as if the person assuming to be authorized to represent him had authority in fact, he at the time of such apparent approval having knowledge of all essential facts and particularly the assumption of agency.

5. If a person actually or apparently clothes another with authority to represent him generally or in a particular line of business, he is bound by whatever contract such other may make within the scope of the actual or apparent authority, including the making of subagency contracts.

6. Error, if any, in the admission of a writing purporting to have been executed on the part of defendant by an agent, because the proper foundation for its introduction was not seasonably laid, was cured by proof that the defendant knew of the arrangement embodied in the writing, became a party thereto, carried it out exactly, and received the full consideration named therein.

7. Errors in the reception or rejection of writings are not prejudicial where all matters embodied in such writings otherwise appear in evidence without objection.

8. An instruction relating to ratification by the principal of the act of one assuming to be his agent, though held correct as a whole, is criticised because of its frequent use of "and" instead of "or."

APPEAL from a judgment of the municipal court of the city of Beloit: CHARLES D. ROSA, Judge.  *Affirmed.*

Action on contract.  These were the facts alleged: January 15, 1910, plaintiff and defendant mutually verbally agreed for the former to act as agent of the latter in selling corporate stock in the Nevada & Eastern Land Company under the direction of Wright & Palmer as general agents in charge of the matter, and receive for his services $1.25 per share of stock sold by him or with his assistance.  Pursuant thereto plaintiff sold 1,000 shares of the stock, defendant receiving all proceeds and thereby becoming indebted to the former in the sum of $1,250, payment of which has been refused.

The defendant answered by general denial.

The cause was submitted to a jury resulting in a verdict for the full amount of plaintiff's claim, and judgment was rendered accordingly.

For the appellant there was a brief by *Woolsey & Arnold,* attorneys, and *Jeffris, Mouat, Oestreich & Avery,* of counsel, and oral argument by *T. D. Woolsey* and *L. A. Avery.*

For the respondent there was a brief by *Nolan, Adams & Reeder,* and oral argument by *H. W. Adams.*

The following opinion was filed October 3, 1911:

MARSHALL, J.    If respondent acted as agent of appellant in selling the stock the evidence shows he was concerned in selling, either by defendant's previous authorization, directly or indirectly, or he assumed to have such agency in the matter and such assumption was subsequently ratified by appellant, he was entitled to recover.

One may make another his agent by ratifying such other's assumption in the matter, and thereby become liable both to such other and to the third party with whom he deals, as well as by an original contract of employment.   Such ratification may occur as well when a person without authority in fact from the principal assumes to have it, under another falsely pretending to represent the principal and to employ a subagent, as where there is no intermediary in the matter.   True, there can be no ratification within the meaning of these rules without action on the part of the principal based on knowledge of the facts; but the ratification may appear circumstantially as well as expressly.   It may be presumed by conduct such as by carrying out the contract and accepting the benefits in like manner as if the person assuming to be authorized to represent him had authority in fact, he at the time of such apparent approval having knowledge of all the essential facts, and particularly the assumption of agency.   These principles are very familiar.   It is not understood there is any controversy in respect thereto between counsel.   *Morse v. Ryan,*

26 Wis. 356; *Kickland v. Menasha W. W. Co.* 68 Wis. 34, 31 N. W. 471; *Carpenter v. Momsen,* 92 Wis. 449, 65 N. W. 1027, 66 N. W. 692; *McDermott v. Jackson,* 97 Wis. 64, 72 N. W. 375; *Mariner v. Oconto L. Co.* 142. Wis. 531, 126 N. W. 34.

Another principle bearing on the case is this: If a person actually or apparently clothes another with authority to represent him generally or in a particular line of business, he is bound by whatever contract such other may make within the scope of the actual or apparent authority, including the making of subagency contracts. *McDermott v. Jackson,* 97 Wis. 64, 72 N. W. 375.

The main contention on the part of counsel for appellant is that the principles above stated were not rendered applicable to the case by competent evidence, and that, in some respects, they were not accurately and intelligently given to the jury.

We cannot agree with counsel as to there being no evidence to invoke application of the stated principles. The record, as we read it, is quite decidedly otherwise. There is evidence tending to show that appellant was substantially the only one interested in realizing on the corporate stock; that he was president of the corporation, owned the stock, and was entitled to all proceeds thereof, less expenses of sales. There was also evidence tending to show that one Wright was defendant's general agent to sell the stock with authority, express or implied, to employ assistants and fix their compensation; that respondent visited appellant and was then requested to assist him in the stock business and referred to Wright as the person having charge of the whole matter; that pursuant thereto he agreed with Wright as appellant's representative and rendered the services in controversy accordingly,—the latter taking part in the negotiations leading up to the particular sale of stock. True, there was evidence that respondent was not to have any commission for sale of the

one lot of stock in question, but it was not all one way by any means. True, also, there was evidence tending to show that respondent was the agent of Wright, but ample evidence tending to show that he was the agent of appellant,—evidence in the whole to carry the case to the jury.

Complaint is made because the court admitted in evidence a written agreement, negotiated by plaintiff, or by his assistance, for the sale of stock, the writing purporting to have been executed on the part of appellant by Wright as agent. It is insisted that the contract was neither authorized by appellant nor ratified by him, at least as regards any agency of respondent in the matter; that he was not present when it was signed and did not know of its making or existence. It may be a proper foundation was not seasonably laid for introducing the paper in evidence. If so, the error was cured, subsequently, by proof that appellant knew of the arrangement embodied in the writing, became a party to it, carried it out in exact accordance with its terms, and received, without deductions, the full consideration paid for the stock. Moreover, the reception of the evidence was nonprejudicial because of the fact that the verbal arrangement embodied in it appeared in evidence without objection.

Complaint is made because of the exclusion of two written contracts, offered in evidence in behalf of appellant, which tended to show, as claimed, that Wright, in selling the stock, acted for the Nevada & Eastern Land Company, and that respondent was either agent for the company or Wright, and not for appellant. We need not say more in respect thereto than that all matters embodied in the writings were testified to without objection and, therefore, appellant was not prejudiced because the papers were not received in evidence. Conceding all such papers fairly indicate, they do not exclude the idea that respondent acted as appellant's agent and was authorized to do so.

The writing first mentioned purported to show a sale by

appellant of 1,120 shares of the corporate stock.    As we have seen, he knew of the sale whether he knew of the writing or not.    He had the benefits of the transaction and knew respondent acted in bringing it about.    The claim is that respondent assisted as agent of Wright or of the corporation. But there was evidence tending to show, as before indicated, that Wright was the general agent for appellant with authority to employ respondent, or he at least assumed to have such authority and was warranted in doing so, from respondent's viewpoint, and that pursuant thereto the latter aided in making the sale contract and appellant carried it out.    In respect to that situation the trial court gave several instructions, and among them this:

"If you find that the plaintiff without authority from defendant made a contract with the Harvard parties for the benefit of the defendant and that the defendant subsequently with full knowledge of all the facts accepted the benefits of such contract and carried it out, then defendant would be liable to the plaintiff for the commissions on the sale.

"If, on the other hand, you find that the defendant did not employ the plaintiff and did not authorize Wright or any one else to employ the plaintiff for him and that the contract made by the plaintiff with the Harvard parties was not for his benefit and he did not ratify the same but was for the benefit of the Nevada & Eastern Land Company or of Wright or of some other person, then you must find that the defendant is not indebted to the plaintiff."

It is said the giving of such instruction was prejudicial error because there was no evidence upon the subject,—with which we cannot agree,—and because the jury were thereby told that acceptance of the benefit of a contract made by respondent, acting as a personal employee of Wright—that is ratification of Wright's sale for the land company—was sufficient to render appellant liable for the compensation Wright agreed respondent should have, though Wright's arrangement with respondent contemplated only services personal to him-

self or the land company. It does not seem there is any very good ground for such claim. The trend of the whole instructions negatives it and the quoted language unmistakably does so. The jury were plainly told, several times, that respondent could not recover unless they were satisfied from the evidence he acted by contract made directly with appellant, or indirectly by his authority, actual, or assumed, followed by ratification with knowledge of the facts—that is knowledge, among other things, that respondent performed the services assuming to act for appellant by authority of Wright. That seems very plain. The jury could not have understood the instruction otherwise. Seemingly, in order to leave no room for misunderstanding the first clause the court added the language "if on the other hand,"—or in other words, if you find, as defendant claims, he "did not employ the plaintiff and did not authorize Wright or any one else to employ the plaintiff for him and that the contract" "was for the benefit of the Nevada & Eastern Land Company or of Wright or of some other person, then you must find for defendant." Rightly understood the instruction quoted and others of a similar character are free from error. They fairly embody principles stated at the beginning of this opinion and were applicable to the evidence.

True, the explanatory clause, in the quoted instruction, is not to be commended in respect to the frequent use of the conjunctive form of expression, though, in the whole, it is correct. However it may, possibly, though not, probably, have been regarded by the jury as limiting the broad meaning of the first clause instead of making a full explanation of it. While, as said, it is correct as a whole, it would have been correct and more fully explained the preceding clause if instead of the frequent use of "and" the court had said,—if, on the other hand, you find that the defendant did not employ the plaintiff or authorize Wright or any one else to employ him, or that the contract made by plaintiff with the Harvard

parties was not for defendant and ratified by him, but was for the benefit of the Nevada & Eastern Land Company, or of some other person, then you must find that the defendant is not indebted to the plaintiff.

Nothing further need be said. We quite agree with appellant's counsel that the real issue was whether defendant employed plaintiff, or ratified his employment, as agent to sell the stock, but cannot agree that there was no evidence tending to sustain respondent's side of that issue, and no instruction upon the point. On the contrary, as we read the instructions, the jury were informed plainly and with particularity upon that precise point. They were fenced about by negative and affirmative instructions, as well as being told in the most direct manner, the precise necessary status of plaintiff to entitle him to recover.

Appellant's criticisms of the trial not included in what has been said are rendered inconsequential thereby or otherwise are not of sufficient moment to warrant further extending the opinion.

*By the Court.*—Judgment is affirmed.

BARNES, J., took no part.

A motion for a rehearing was denied December 5, 1911.