ECKEL, Respondent, vs. WESTBROOK TANK LINE COMPANY, Appellant.

*May 2—June 5, 1923.*

*Corporations: Agents: Stock salesmen: Authority to employ assistants: To purchase automobiles: Ratification by company: Trial: Question for jury.*

1. In an action against a corporation to recover for services rendered to one of its special agents at his request, although there was no evidence to warrant the plaintiff in assuming that the corporation would pay him for such services, or that such agent had authority to bind the corporation, a promise alleged to have been made by the president of the corporation to see to it that the corporation would pay plaintiff for his services constituted the question of the agent's authority a proper issue to be submitted to the jury.

2. A finding of the jury, based on conflicting testimony, that the special agent had authority to appoint plaintiff as an employee so as to bind the defendant corporation for services rendered to such agent, cannot be disturbed on appeal.

3. Whether or not the special agent had authority to contract for services so as to bind the corporation, the subsequent promise and agreement of the president that he would see to it that they were paid for amounted to a ratification of the employment.

4. A transaction by which a special agent, employed by a general agent to assist him in selling stock on a commission basis, purchased an automobile and received a bill of sale for it in his own name and agreed to pay for it with stock, is so foreign to the usual authority granted such an agent as to require either express authority from the company or facts and circumstances from which such authority could reasonably be inferred, or a ratification on the part of the company, in order to create liability against it.

APPEAL from a judgment of the county court of Trempealeau county: E. F. HENSEL, Judge. *Modified and affirmed.*

The appeal is from a judgment in favor of the plaintiff and against the defendant for the sum of $939.75.

For the appellant there was a brief by *Sutherland & Gilbertson* of Eau Claire, attorneys, and *Chester L. Nichols* and *Wm. M. Nash*, both of Minneapolis, of counsel, and oral argument by *A. J. Sutherland.*

For the respondent there was a brief by *Cowie & Hale* of La Crosse, and oral argument by *Quincy A. Hale.*

DOERFLER, J. The defendant is a foreign corporation with its principal office at Minneapolis, and is engaged in establishing and maintaining filling stations in various localities in this and other states. One Elders was constituted a general agent for La Crosse and Trempealeau counties for the purpose of locating filling stations and of selling the stock of the company, and as such general agent, under his contract with the company, received fifteen per cent. commission on the sale of all stock in said counties. One Bergen was appointed by said Elders, as an agent under him, to locate a filling station at the village of Arcadia, Wisconsin, and to sell the stock of the company in said village and throughout the surrounding territory upon a commission basis of ten per cent., which commission, it was understood and agreed, was to be paid by said Elders out of his own commission of fifteen per cent. The general policy adopted

was to first locate a station and then sell sufficient stock in the territory surrounding the station to pay for the expense of purchasing and establishing the same.

Some time in May, 1921, Bergen engaged the services of the plaintiff and the use of his automobile in order to drive him from place to place and thus aid him in the sale of the stock of the company, for which he (Bergen) agreed to pay at the rate of $1 per hour during the time plaintiff was so engaged, and to also pay him at the rate of $3 per day for other services performed by the plaintiff while not engaged in driving such automobile. Such services were performed until some time in November, 1921, at which time there became due to the plaintiff the sum of $570, on which amount the sum of $131.75 was paid in cash by Bergen, leaving a balance due to plaintiff of $438.25. During the time of the employment of the plaintiff he sold to Bergen his automobile for the sum of $500, payment whereof was to be made by the issuance and transfer to the plaintiff of $500 worth of stock of the company. Plaintiff executed a bill of sale of the car to Bergen, and the latter immediately thereafter sold the same to an innocent purchaser, and plaintiff never received anything, either in cash or in stock, for the automobile; and, in addition to what is claimed for services as aforesaid, plaintiff also makes claim against the defendant for the sum of $500, the value of the stock. Some time in November or December, 1921, Bergen, being short in his accounts as agent to the extent of $900, absconded and has not been heard of since.

The case was submitted to the jury upon a special verdict, and the jury, among other things, found that Bergen had authority from the company to employ the plaintiff to assist in the sale of the company's stock; that the plaintiff was an agent of the defendant; that he performed the services above referred to; that Bergen had authority from the defendant to sell its stock to the plaintiff and to receive on such sale, for and in behalf of the company, the automobile

Eckel v. Westbrook Tank Line Co. 181 Wis. 46.

in question; and that the fair market value of the stock sold to the plaintiff was $500.

Plaintiff also testified that some time in the month of June, while one Scott, the president of the company, was in Arcadia, he inquired of said Scott who was to pay him for his services, and that said Scott replied that he would see that plaintiff was paid and that the company would pay him. This statement was expressly denied by Scott.

It is clear from the evidence that Bergen was a mere special agent employed by Elders to sell stock on a commission basis, such commission to be paid by the latter out of the fifteen per cent. agreed to be paid by the company to Elders for the sale of stock in the two counties mentioned. It also appears that the services performed by the plaintiff were in their nature personal to Bergen, to assist him in the sale of the company's stock. At no time during the period of his employment did the plaintiff make any inquiry from Bergen with respect to the terms or scope of the latter's employment, nor did the plaintiff either render a bill to the defendant or demand payment from it. Were it not for the alleged conversation testified to by the plaintiff with the president of the defendant, there would be no competent evidence in the record to either warrant the plaintiff in assuming that the company would pay him for the services rendered or that Bergen had any authority whatsoever to bind the company for such services. The alleged conversation, however, testified to by the plaintiff, with the president of the company, although expressly contradicted by the latter, constituted the question of the authority of Bergen a proper issue to be submitted to the jury; and the jury having answered the questions in the special verdict on this branch of the case in plaintiff's favor, such verdict cannot now be disturbed.

Whether Bergen had authority from the company to engage the services of the plaintiff or not, the promise and agreement of Scott, the president of the company, would

amount to a ratification of plaintiff's employment. *Garlick v. Morley,* 147 Wis. 397, 132 N. W. 601.

The record is barren of any evidence tending to prove that Bergen had authority to purchase the automobile for the company or to pay for such automobile with the stock of the company. A transaction of this nature is so foreign to the usual authority granted an agent in such cases as to require either express authority from the company or facts and circumstances from which such authority can reasonably be inferred, or a ratification on the part of the company. No stronger evidence could be furnished in this case rebutting alleged authority on the part of the agent to exchange the stock of the company for the automobile in question than that furnished by the fact that the bill of sale was not made to the company but was made directly to Bergen. There is therefore no evidence in the record showing authority on the part of the agent to exchange the stock of the company for the automobile, and the answers of the jury to the questions of the special verdict in that behalf are entirely unsupported by the evidence.

*By the Court.*—The judgment of the lower court is therefore modified, and the cause is remanded with instructions to deduct from the amount of the judgment the sum of $500 and the interest computed thereon, and to enter judgment in plaintiff's favor for the amount due him for services, with interest; and the judgment as so modified is affirmed.