J. F. MATHEWS v. THOMAS O'SHEA ET AL.

FILED JUNE 18, 1895. No. 6235.

1. **Principal and Agent:** PAYMENT: CONVERSION. Where, in the absence of fraud, money has been voluntarily paid an agent for the use of his principal, in pursuance of a valid authority, the agent is not liable to an action in conversion at the suit of the party paying the money, although the money has never been paid over to the principal.

2. ———: ———: ———. Whether an agent who receives money for his principal is liable as principal to the person paying it, so long as the agent stands in his original situation, and until there has been a change of circumstances by his having paid over the money to his principal or done something equivalent to it, is not decided.

3. **Allegations and Proof.** The allegations of the petition and the proof must agree.

ERROR from the district court of Madison county. Tried below before JACKSON, J.

The facts are stated in the opinion.

*Robertson, Wigton & Whitham,* for plaintiff in error:

An agent who receives money for his principal is liable as principal, so long as he stands in his original situation, and until there has been a change of circumstances by his having paid over the money to his principal, or done something equivalent to it. (Story, Agency [8th ed.], sec. 300; *Hearsey v. Pruyn,* 7 Johns. [N. Y.], 179; *Herrick v. Gallagher,* 60 Barb. [N.Y.], 566; *Elliott v. Swartwout,* 10 Pet. [U. S.], 137; *Bend v. Hoyt,* 13 Pet. [U. S.], 263; *La Farge v. Kneeland,* 7 Cow. [N.Y.], 456; *Cox v. Prentice,* 3 Maule & S. [Eng.], 344.)

*Robinson & Reed, contra,* cited: *Lyon v. Tevis,* 8 Ia., 79; 1 Am & Eng. Ency. Law, 401; *Calvin v. Holbrook,* 2 N. Y., 126.

NORVAL, C. J.

This is an action by J. F. Mathews for the conversion of $100, lawful money of the United States. The petition contains the usual averments. The answer is a general denial. At the close of the plaintiff's testimony the jury, under the direction of the court, returned a verdict for the defendants, and from a judgment in their favor plaintiff prosecutes error.

On the 29th day of January, 1892, one W. L. Ramey, through the defendants as his agents, entered into a written contract with the plaintiff to convey to him certain real estate situate in the city of Madison, this state, for and in consideration of the sum of $3,000. By the terms of the agreement the plaintiff was to and did pay to the defendants upon the contract at the time of its execution, for the use of Ramey, the sum of $100. The remaining $2,900 was to be paid to plaintiff on March 1, 1892, or upon the execution and delivery to him of a warranty deed for the premises and an abstract showing title perfect and clear of all incumbrances of whatever nature. On the 1st day of March, 1892, the plaintiff tendered to the defendants the unpaid purchase price and demanded the deed. They declined to receive the money, and failed to furnish the deed for the property at the time stipulated, and thereupon plaintiff demanded of the defendants the $100 previously paid, they having never paid the same to Ramey, their principal, nor has he ever requested payment to him. The defendants refused to pay the money to the plaintiff. About the 15th of March the defendants tendered to the plaintiff a deed to the property without an abstract of title, which was not accepted, the property being incumbered. In the month of July following Ramey, through the defendants as his agents, requested the plaintiff to make a quitclaim deed to the premises to him, for the reason the written contract had been placed on record. This request was complied with by the plaintiff.

The sole question for determination is whether under the foregoing facts this action can be maintained. It is undisputed that the defendants were acting as agents merely for Mr. Ramey, and were known as such to the plaintiff. A payment to them was in law a payment to their principal. Had they paid over the $100 to Mr. Ramey, possibly the plaintiff could have maintained an action against the latter for a breach of the contract, or upon the implied promise to refund the money in case he failed to execute the deed as agreed; but it is clear that a suit for conversion would not lie against him, even though he had received the money from his agents. Neither can an action in the present form be maintained against the defendants, who were acting for their principal, since the plaintiff has neither such a possession or title to the money as would enable him to do so. Upon the payment of the $100 to the defendants, the plaintiff's title to it was divested, and it passed at once to Mr. Ramey, the principal. The agents did not obtain possession of the money wrongfully or fraudulently, but lawfully, and were holding it alone for the principal. There has been no conversion. True, the money has never been paid over to Mr. Ramey, and it is argued that where an agent receives money for his principal he is liable as principal to the person so paying it, if the money has not been paid over to the principal and there has been no change in the agent's original situation. Whether this contention is well founded or not we will not now stop to consider or decide. It may be observed that the authorities bearing upon the question are conflicting. The following hold that the agent is not personally liable to the person paying the money: *Smith v. Bond*, 25 W. Va., 387; *Costigan v. Newland*, 12 Barb. [N. Y.], 456; *Colvin v. Holbrook*, 2 N. Y., 126; *Lyon v. Tevis*, 8 Ia., 79; *Denny v. Manhattan Co.*, 5 Den. [N. Y.], 639. The opposite rule is sustained by *Hearsey v. Pruyn*, 7 Johns. [N. Y.], 179; *Stone v. Wood*, 7 Cow. [N. Y.], 453; *Cox v. Prentice*, 3 Maule & S.

[Eng.], 344; *Ripley v. Gelston,* 9 Johns. [N. Y.], 201. Conceding that money paid an agent for his principal may be recovered from such agent, the proper action, where there has been no fraud in the transaction, is for money had and received. (*Ashley v. Jennings,* 48 Mo. App., 142.) In the case under consideration no fraud is imputed to the defendants, but the money was honestly and fairly received by them as agents for their principal. The suit is in conversion and the evidence does not sustain the averments of the petition. The rule is that the allegations of the petition and the proof must agree. (*Young v. Filley,* 19 Neb., 543; *Chicago, B. & Q. R. Co. v. Grablin,* 38 Neb., 96; *Dillon v. Starin,* 44 Neb., 881.) It follows that the court did not err in directing a verdict for the defendants. The judgment is

AFFIRMED.