(16 Misc. Rep. 372.)

### COOPER v. TIM et al.

(Supreme Court, Appellate Term, First Department. March 23, 1896.)

ACTION AGAINST AGENT — PAYMENT TO AGENT — ACTION TO RECOVER MONEY PAID.

Plaintiff, having paid money to defendant, as agent of another, to be returned on a certain condition, cannot, on the happening of the condition, maintain an action therefor against defendant, the agency not being denied, though he has not accounted to his principal; but resort must be had to the principal.

Appeal from Eighth district court.

Action by Charlotte Cooper against Agnes Tim and another for money had and received to the use of plaintiff. From a judgment on a verdict for plaintiff, defendants appeal. Reversed.

Argued before McADAM and BISCHOFF, JJ.

John A. Straley, for appellants.

Joseph C. Rosenbaum, for respondent.

BISCHOFF, J.   The recovery below was contrary to law, and the judgment must therefore be reversed.   No cause of action against the defendants was apparent from the evidence.   It is settled, in principle and by authority, that if one person knowingly pays money to another as the agent of a third, the payment not having been induced by any wrongful act of such agent, resort cannot be had to the latter, but must be had to his principal, if the person who made the payment ultimately became entitled to the return of the money paid; and this although the agent may not yet have accounted to his principal therefor.   Colvin v. Holbrook, 2 N. Y. 126;  Hall v. Lauderdale, 46 N. Y. 70;  1 Am. & Eng. Enc. Law, 401.

The action was for money had and received to the use of the plaintiff, and the only fact in issue was with regard to the plaintiff's contention that the sum paid by her was received by the defendants upon the condition that it was to be returned if the plaintiff's colessee failed to pay a further sum.   The facts in evidence were, therefore, that the plaintiff and one Mrs. Dawson applied to the defendants, who were real-estate agents, doing business under the firm name of Tim & Co., for a lease of the premises 221 West Thirty-Eighth street, in the city of New York; that the ensuing negotiations resulted in an oral understanding that a lease should issue upon payment by the lessees of $300, $150 whereof were to be applied for the first month's rent, and the remaining $150 to be held as security for the performance of the lessees' covenants; that thereafter a lease in writing was formally executed by Robert Bicket, the owner of the premises, acting in this behalf through one Goldsmith, his attorney in fact, as lessor, and the plaintiff and Mrs. Dawson, as lessees; that, at the time of the execution of the lease, the plaintiff paid, and Tim & Co. received, $250, upon the condition that the lease should be ineffectual, and the money paid be returned to the plaintiff, unless Mrs. Dawson paid the remaining $50; that the last-mentioned sum was never paid; and that the plaintiff thereupon demanded of Tim & Co. the return of the sum paid by her.   Failing of such return, this action was instituted against Tim & Co.   No fraud, deceit, or other wrongful act on the part of Tim & Co. was charged or shown.   Their authority as the agents of the lessor was undisputed, and that, at the time of the plaintiff's payment of the money she sought to have returned, she knew Tim & Co. to be acting for and as the agents of the lessor, was incontrovertible upon the facts.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event.