## JASPER HUFFMAN v. R. C. NEWMAN.

FILED SEPTEMBER 23, 1898.   No. 8188.

Liability of Agent to Third Person: PAYMENT. An agent, the fact of agency and name of principal being disclosed, who receives money for his principal which he fails to pay to the latter, is not liable to the payer, either in an action for conversion or for money had and received.

ERROR from the district court of York county. Tried below before WHEELER, J. *Reversed.*

*G. W. Bemis*, for plaintiff in error.

*N. V. Harlan, contra:*

The agent is liable to plaintiff below in an action for money had and received. (*Smith v. Binder*, 75 Ill. 492.)

NORVAL, J.

Lizzie P. Ryan and R. R. Ryan, of Salem, Oregon, owned a quarter section of land in York county, Nebraska. Jasper Huffman, their agent at York, sold the premises for the owners to one R. C. Newman on February 15, 1893, for the stipulated sum of $4,100—$1,800 cash, and the purchaser to assume a mortgage of $2,300 against the property. One hundred dollars of the cash payment was paid down by Newman to Huffman. The latter on the same day reported the sale to the Ryans and advised them that he had received the $100, and applied the same on commissions. A deed was inclosed in the same letter for the Ryans to execute and

return to the York National Bank. On February 13, without the knowledge of either Newman or Huffman, one Ensign sold the land to one Kingston, which sale the Ryans recognized, and the premises were never conveyed to Newman. He demanded of Huffman the return of the $100 paid on the land, which request not having been complied with, this action was instituted by Newman to recover from Huffman the amount of the advance payment, and from a judgment in favor of the former the latter prosecutes error.

Numerous grounds have been urged in the brief filed by defendant below for a reversal of the judgment, but one of which will be considered, namely, the petition fails to state facts sufficient to constitute a cause of action. The petition alleges substantially that defendant on February 15, 1893, represented to plaintiff that Lizzie P. Ryan and R. R. Ryan, residents of Salem, Oregon, were owners in fee of the southwest quarter section 6, of town 12, range 4 west, in York county, and that defendant was duly authorized by them to sell said land for $4,100; that the Ryans would give a good and sufficient warranty deed therefor, clear of all incumbrances, except a certain mortgage of $2,300 and interest; that plaintiff, relying upon said representations, on said day purchased, through defendant, said real estate, and paid him thereon $100, and received from him a receipt therefor, and memorandum of agreement which is set out in the petition, and which states the consideration to be $4,100 as follows: $1,800 in cash and assume the mortgage of $2,300. The petition further avers that plaintiff tendered defendant the sum of $1,700, being the balance of the purchase price above the mortgage, and requested a conveyance of said premises according to the terms of the agreement, but defendant refused, and still refuses, to furnish, execute, and deliver said conveyance; that defendant did not turn over said $100 to said Ryans, or account to either of them for the same, but retained said money and converted it to his own use; that plaintiff duly performed all the condi-

tions on his part to be performed, and has been ready at all times to pay over the purchase-money, yet defendant has rejected and refused to deliver to plaintiff a good and sufficient deed for said land, and has refused to pay back to plaintiff the $100, although requested so to do, and plaintiff has been damaged by failure of defendant to comply with the terms of said agreement, in loss of time, expenditure of money, and loss of bargain in contract in the sum of $100.

It will be observed that the pleading alleges that Huffman never paid over to the Ryans the $100 advanced on the land, but converted the same to his own use. An action of conversion will not lie against Huffman. In *Mathews v. O'Shea*, 45 Neb. 299, it was expressly decided that, in the absence of fraud, an agent is not liable for conversion at the suit of one paying him money which the agent has authority to receive, though he does not pay it over to his principal. This for the obvious reason that the person, after paying the money, no longer has any title thereto, or right of possession, as the title had vested in the principal. The petition in the case at bar imputes no fraud to the defendant, Huffman, in the transaction. It is true, it charges that he made certain representations to plaintiff which induced the purchase, but it is not averred that a single statement regarding an existing fact was untrue. It is not averred that defendant was not authorized by the Ryans to make the sale, nor that they could not execute, or have not executed, a deed to the premises to plaintiff. It is not alleged that defendant has failed to perform a single act he promised to do, nor that the Ryans have omitted to do anything Huffman represented or contracted they should do.

It is argued that the charge of conversion contained in the petition may be eliminated therefrom as surplusage, and that the pleading would still state a cause of action for money had and received. There is a conflict in the authorities as to whether an agent who receives money for a disclosed principal is liable to the payer as

principal; but the decided weight of the adjudications sustains the negative of the proposition. (*United States Bank v. Bank of Washington*, 6 Pet. [U. S.] 8; *Calvin v. Holbrook*, 2 N. Y. 126; *Costigan v. Newland*, 12 Barb. [N. Y.] 456; *Denny v. Manhattan Co.*, 5 Denio [N. Y.] 639; *Cooper v. Tim*, 38 N. Y. Supp. 67; *Smith v. Bond*, 25 W. Va. 387; *Lyon v. Tevis*, 8 Ia. 79; *Huston v. Tyler*, 36 S. W. Rep. [Mo.] 654; *Johnson v. Welch*, 24 S. E. Rep. [W. Va.] 585; *Moran v. Clarke*, 59 Minn. 456; Mechem, Agency sec. 555; *Whitney v. Wyman*, 101 U. S. 392; *Bleau v. Wright*, 68 N. W. Rep. [Mich.] 115.) In the case last cited it was ruled that a person contracting with an authorized insurance agent, with knowledge of the agency, cannot recover from him the premium paid, on failure of insurer to issue the policy. Where the name of the principal is disclosed, the agent incurs no personal responsibility. The contract is that of the principal, and not of the agent. We are constrained to hold, upon reason as well as authority, that Huffman was not personally liable to plaintiff on the contract in question, and an action against him for money had and received cannot be maintained, though the $100 had never been paid by him to the Ryans. The judgment is

REVERSED.