(118 App. Div. 452)

### FISHER v. MEEKER.

(Supreme Court, Appellate Division, Third Department. March 13, 1907.)

PRINCIPAL AND AGENT—LIABILITIES AS TO THIRD PERSONS—LIABILITIES OF AGENT.

Where a buyer paid a part of the purchase price to an agent of the seller, but the seller afterwards by threats of proceedings against the buyer induced him to pay him the amount claimed, the buyer is not entitled to recover from the agent the amount paid to him.

Chester, J., dissenting.

Appeal from St. Lawrence County Court.

Action by George Fisher against Allen C. Meeker. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Frederick J. Merriman, for appellant.
Edward P. Martin, for respondent.

SEWELL, J. The plaintiff purchased a cultivator of the defendant, who was selling carriages and farm implements for one Horton. The price of the cultivator was $30, of which $10 was paid at the time of purchase. The plaintiff claims that he subsequently paid the balance to the defendant, and then said to him, "Have come to pay the balance on the cultivator"; that he gave him $20 and told him to apply same on balance for cultivator bought of Horton; and that Meeker said he was going to the office and would give him credit on his books. Some time thereafter Horton notified the plaintiff that a balance of $20 was due, and threatened to commence a proceeding to collect the same, whereupon plaintiff paid Horton the amount claimed, and brought the action against the defendant to recover the $20 paid to him.

As to the relations existing between the defendant and Horton, there can be no doubt. It is undisputed that he was doing business for Horton and in his name. The plaintiff testified that he understood that Horton owned the goods in the store, and that the defendant was working for him, and "I understood the same when I paid him the $10, and the same when I paid him the $20." There is no evidence in the case tending to establish the fact of agency for the plaintiff in this particular transaction. No evidence was offered showing, or tending to show, that the defendant bound himself by an express promise to the plaintiff to pay the money to Horton, or that he assumed any duty in his individual character, or which did not devolve upon him purely from his employment by Horton. Hence the question is presented whether an agent, acting within the scope of his authori-

ty, can be held liable, by any other person than his principal, for money properly received by him in the name and business of the principal.

The case of Smith v. President of Essex County Bank, 22 Barb. 627, is a direct authority against the right to sustain such an action. It was there held that a payment to an agent who has authority to collect is a payment to the principal, and an absolute discharge of the debt; and that it is a matter of no sort of consequence, so far as the debtor is concerned, whether the agent accounts for it or misapplies it. In the case of Hall v. Lauderdale, 46 N. Y. 70, it was held that an action cannot be maintained against an agent, although, having money of his principal's in his hands applicable to the payment of the debt of his principal, he refuses to pay it. The court, through Judge Andrews, said:

"The defendant was responsible to the principal, and to the principal alone, for any omission or neglect of duty in the matter of his agency."

The case of Colvin v. Holbrook, 2 N. Y. 126, recognizes this same principle. The court there said:

"The rule, it is believed, is universal that a known agent is not responsible to third persons for acts done by him in pursuance of an authority rightfully conferred upon him. The very notion of an agency proceeds upon the supposition that what a man may lawfully do by a substitute, when performed, is done by himself; and the individuality of the agent so far is merged in that of the principal. It is also settled, if anything can be established by authority, that an agent is not liable to third persons for an omission or neglect of duty in the manner of his agency; but that the principal is alone responsible." Cooper v. Tim, 16 Misc. Rep. 372, 38 N. Y. Supp. 67.

There is a class of cases to which the respondent refers, in which the responsiblity of agents and servants has been upheld. They are cases where the principal had no right to receive the money, and, of course, could confer none upon the agent; or where it was paid by mistake; or where the agent exceeded his authority; or was guilty of misfeasance, not as an agent or servant, but as a wrongdoer; or where payment was induced by a wrongful act of the agent; or there was an explicit agreement to return it.

These cases differ from a case like this, where the agent had a right to receive the money for his principal and receives it, not in his individual capacity, but as the agent of the creditor and for his use. No case has been cited, and I think none can be found, where an agent or servant has been held under such circumstances.

The County Court was therefore wrong in reversing the judgment of the justice. It should be reversed, and the judgment of the justice affirmed, with costs in this court and in the County Court. All concur, except CHESTER, J., who dissents.