MICHAEL H. KEARNS *vs.* HERMAN R. NICKSE.

First Judicial District, Hartford, May Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The creation of an agency carries with it the usual and appropriate means of accomplishing its object, and clothes the agent with such authority as is necessary and proper to effectuate its purposes.

Unless conferred by the usage of trade, one who is intrusted with the possession of a horse to sell has no implied authority to barter or exchange the animal.

Argued May 7th—decided June 5th, 1907.

ACTION of replevin for a horse, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Coats, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

Upon the trial it was undisputed that the plaintiff, the owner of a horse, intrusted it to one Pearson for some purpose; that Pearson traded the horse to the defendant in return for another horse and the defendant's check for $28; that the plaintiff subsequently having found the horse in the defendant's possession and learned the facts of the trade, demanded it, and that the demand was refused. The plaintiff offered evidence to show that the horse was delivered to Pearson for the sole purpose of showing it to one Hills, with a view to a sale to him for $100. The defendant sought to establish that the horse was placed in Pearson's hands for sale generally for $100. There was

evidence tending to show that Pearson had dealt more or less in horses to the knowledge of each of the parties, neither of whom, however, were well acquainted with him ; that the horse taken by him from the defendant in said trade was the same day sold to one McNamara, who still has it ; that Pearson collected said $28 check ; that he never accounted to the plaintiff for the proceeds of said trade, and that he has since been in parts unknown to the parties. The plaintiff requested the court to instruct the jury that the power to sell, conferred upon an agent in such a case, did not clothe the agent with the apparent authority to barter or exchange, and that third parties dealing in the form of barter or exchange with such agents so authorized did so at their own risk. The court charged the jury upon that subject as follows :—

" The plaintiff claims that he delivered the horse to Pearson for the purpose of having Pearson show the horse to one Hills, with the view of a sale by plaintiff of the horse to Hills for the price of $100, and for no other purpose. The defendant claims, in substance, that plaintiff delivered the horse to Pearson to sell for $100. If the plaintiff's claim is true, then Pearson would have no authority to sell, and the mere intrusting of Pearson with the possession for a special purpose would not clothe him with any real or apparent authority to make the trade with defendant,—the mere intrusting of Pearson with the possession. If plaintiff, on the other hand, intrusted the horse to Pearson for sale, the mere fact that his authority to sell was restricted by the plaintiff without knowledge on the part of the defendant to a sale to Hills alone, or to a sale for cash, or at a fixed price, would neither of them render a trade such as Pearson made with the defendant void. I will repeat that. If plaintiff, on the other hand, intrusted the horse to Pearson for sale, the mere fact that his authority to sell was restricted by the plaintiff without knowledge on the part of the defendant to a sale to Hills alone, or to a sale for cash, or at a fixed price, would neither of them render a trade such as Pearson made with the defendant

void.    Pearson in such a case would be acting within the apparent scope of an authority, where authority was given him, though of a more limited character, such restrictions being unknown to the defendant.    And when an agent acts within the apparent scope of his authority, without any knowledge on the part of the person who is acting with him with reference to any restriction, the action of the agent will bind his principal so far as he acts within the apparent scope of his authority."

*Andrew J. Broughel*, for the appellant (plaintiff).

*William F. Henney*, for the appellee (defendant).

PRENTICE, J.    Pearson was, upon the conceded facts, a special agent of the plaintiff intrusted with the latter's horse for some purpose connected with its sale.    Upon the trial the parties disagreed both as to the power in terms conferred upon the agent, and as to the apparent authority with which as a matter of law that power, attended as it was with the possession of the horse, clothed him with respect to dealings with third parties.    It was incumbent upon the court to give the jury instructions appropriate to such a situation as the evidence should establish, and this duty it undertook to perform.

The creation of an agency carries with it the usual and appropriate means of accomplishing its object, and clothes the agent with such authority as is proper and necessary to effectuate its purposes.    *Benjamin* v. *Benjamin*, 15 Conn. 347, 356; *Thames Steamboat Co.* v. *Housatonic R. Co.*, 24 id. 40, 51.    In the absence of any trade usage, the power to sell does not carry with it or imply the power to barter or exchange.    *Woodward* v. *Jewell*, 140 U. S. 247, 253, 11 Sup. Ct. Rep. 784; *Hayes* v. *Colby*, 65 N. H. 192, 193, 18 Atl. 251; *Drury* v. *Barnes*, 29 Ill. App. 166; *Cleveland* v. *State Bank*, 16 Ohio St. 236; *Trudo* v. *Anderson*, 10 Mich. 357; *Brown* v. *Smith*, 67 N. Car. 245.

The court was therefore in error in respect to a material

matter when it told the jury, in effect, that if the power of sale was given to Pearson he thereby became clothed with apparent authority to make such a trade as he in fact made. There is nothing in the record upon which an apparent authority to barter could be predicated.

There is error and a new trial is ordered.

In this opinion the other judges concurred.