VOELL, Respondent, vs. KLEIN and another, Appellants.

*September 19—October 14, 1924.*

*Principal and agent: Apparent authority of agent: Sale of auto-*
*mobile: Accepting used car from purchaser: Trade usage:*
*Secret limitations on agent's authority.*

1. Where appearances for which a principal is responsible give
   third persons dealing with an agent reasonable ground to be-
   lieve the agent possesses power to act for his principal in a
   particular transaction, the principal is as responsible as if
   the agent possessed the power he assumes to possess.  p. 622.
2. An agent's consummation of a sale according to trade usage
   may bind the principal where it would not were trade usage
   departed from.  p. 623.
3. Secret limitations on the power of an agent cannot affect his
   apparent authority to the detriment of third persons who deal
   with him on the basis of his apparent authority and suffer
   loss thereby.  p. 623.
4. In this case an agent's sale of an automobile, in which an old
   car was taken in part payment and a check was given for the
   balance, is *held* to have been carried on in the ordinary and
   usual way, and not in such a manner as to give purchasers
   notice of any want of authority on the part of the agent to
   carry out the transaction.  p. 624.
5. Where an agent in possession of an automobile with apparent
   authority to sell makes delivery thereof to a purchaser, a
   printed part of an order for a car providing that it must be
   approved by the owner is of slight significance in determining
   the validity of the sale.  p. 624.

APPEAL from a judgment of the circuit court for Fond
du Lac county: CHESTER A. FOWLER, Circuit Judge. *Re-*
*versed.*

Action of replevin to recover possession of a car sold by
plaintiff's agent to the defendants.  The action was begun
in the municipal court and the jury returned a verdict find-
ing that the defendants were entitled to the possession of
the car.  Upon an appeal to the circuit court the judge,
without a retrial and upon the record made in the municipal
court, held that though the evidence sustained the finding,
nevertheless the plaintiff was entitled to the possession of

the car because, as we understand his opinion, the sale was
not one for cash. It appears from the testimony that plaint-
iff had in his employ a man by the name of Brennan who
was authorized to and did sell cars for him. It is shown
that he had sold a car in the neighborhood where the de-
fendants resided and carried on their partnership business
of a garage. The defendants had also been at the garage
of the plaintiff and had seen Brennan there. It is claimed
by the plaintiff that at the time of the sale of the car to the
defendants Brennan had no authority to make a sale except
to a party designated by the plaintiff. This fact was un-
known to the defendants. Brennan came to their garage
and endeavored to sell a Hudson speedster. The result of
the negotiation was that the car was purchased and Brennan
took an old automobile as part compensation and received
a check of the defendants for the balance. He sold the car,
cashed the check, and absconded. It further appears in the
evidence that the usual order for a car was given and that
in a part of the printed portion of the order appeared sub-
stantially this statement: "Order not valid until accepted
by the plaintiff." It appears also from the opinion of the
circuit judge that he gave his conclusion that the plaintiff
was entitled to recover upon the authority of *Roberts v.
Francis*, 123 Wis. 78, 100 N. W. 1076. From a judgment
in favor of plaintiff defendants appealed.

For the appellants there was a brief by *Duffy & McGallo-
way* of Fond du Lac, and oral argument by *J. P. McGal-
loway*.

For the respondent there was a brief by *Morse & Fellenz*
of Fond du Lac, and oral argument by *L. J. Fellenz*.

VINJE, C. J. That the trial court held that the transac-
tion must be a cash one in order to be valid appears from
his opinion, wherein it is stated:

"So the question is not one of agency but of apparent
agency. Possession itself does not warrant an inference of

agency.   But in this case defendants knew that Brennan had been *Voell's* agent, and that he (Brennan) had sold one car in their vicinity.   These facts might well have warranted belief on their part that he was *Voell's* agent for the sale of the car and rendered Brennan's acts binding on the plaintiff had the deal been purely a cash transaction.   That is, these facts might have warranted a finding by the jury of apparent agency to effect a sale for cash.   But the power to sell for cash does not confer the power to trade or accept anything but money in payment.   *Roberts v. Francis,* 123 Wis. 78, 100 N. W. 1076; *Kearns v. Nickse,* 80 Conn. 23, 66 Atl. 779."

It appears from the facts in *Roberts v. Francis* that the plaintiff had given his brother possession of a stallion for the purpose of using the same for breeding purposes.   He had never given his brother authority to sell or trade the same.   The brother traded it for another stallion and some other property, and the court held in that case that there was no apparent authority to make a trade.   In this case the agent was intrusted with the property in question for the purpose of selling the same, and this was known to the defendants.   The rule in cases of apparent authority of an agent is thus stated in *McDermott v. Jackson,* 97 Wis. 64 (72 N. W. 375), at p. 73:

"If a third person, because of appearances for which the principal was responsible, believes and has reasonable ground to believe that the agent possessed power to act for the principal in the particular transaction, if such third person was, in the exercise of reasonable prudence, justified in believing that the agent possessed the necessary authority, then the principal is responsible to such third person the same as if the agent possessed all the power he assumed to possess."

This rule has subsequently been reiterated in *Garlick v. Morley,* 147 Wis. 397, 132 N. W. 601; *Freeman v. Dells P. & P. Co.* 150 Wis. 93, 135 N. W. 540, and is the accepted rule of law in this country. 21 Ruling Case Law, 56.   Without questioning the correctness of the rule announced in

*Roberts v. Francis,* under the facts of that case we are of
the view that it does not govern the instant case for two
reasons. In the first place it is a matter of common knowl-
edge that in the sale of automobiles at the present time an
old car is frequently, if not usually, accepted as part pay-
ment. In the second place it is also a matter of common
knowledge that in business transactions as carried on at the
present time the giving of a check is the equivalent of a
payment in cash. The consummation of a sale according
to trade usage may bind the principal where it would not
were trade usage departed from. *Roberts v. Francis, supra;
Kearns v. Nickse,* 80 Conn. 23, 66 Atl. 779, 10 L. R. A. N. s.
1118. Had the agent not absconded with the proceeds of
the sale of the old car and the proceeds of the check, but
turned them over to the plaintiff, unquestionably this deal
would have been consummated without any objections on
the part of the plaintiff. The fact that plaintiff's agent ab-
sconded and did not turn over the proceeds of the sale can-
not be charged to the defendants, who had no knowledge
of the agent's intent to defraud his principal. The plaintiff,
on the other hand, it appears from the evidence, did know
that Brennan was not very reliable or trustworthy and nev-
ertheless he gave him a car to sell, but, so he claims, not to
make a sale to any one but a specified person. It is well
settled that secret limitations on the power of an agent
cannot affect his apparent authority to the detriment of
third persons who deal with him on the basis of his appar-
ent authority and suffer loss thereby. *Freeman v. Dells P.
& P. Co.* 150 Wis. 93, 135 N. W. 540. The giving of
checks in business transactions at the present day is so
common that it must be said that a transaction in which a
check is given is a transaction carried on in the ordinary
and usual way. The rule is thus stated in *Kearns v. Nickse,*
80 Conn. 23, 66 Atl. 779, 10 L. R. A. N. s. 1118:

"The creation of an agency carries with it the usual and
appropriate means of accomplishing its object and clothes

the agent with such authority as is proper and necessary to effectuate its purposes."

In the present case the plaintiff had clothed Brennan with authority to sell cars. In the accomplishment of such object, under the present mode of conducting automobile sales, it is certainly customary and proper to take old cars as part payment, and it is certainly customary and proper if not necessary to take checks in payment. This transaction was carried on in a usual, customary, and proper manner according to the usage of automobile sales at the present time. Of course, it could have been done in another way, but the way in which it was done was the usual and customary manner of such transactions. Therefore we think that there was nothing in the manner in which the transaction was carried on likely to give any notice to the defendants that there was any want of authority on the part of plaintiff's agent to carry out the transaction in the manner in which it was done. Where an agent in possession of a car and with apparent authority to sell it makes delivery of the car to the purchaser, a printed part of an order for a car providing that it must be approved by the owner is of but slight significance in determining the validity of the sale.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for the defendants.