ZUMMACH, Appellant, vs. POLASEK and another, Respondents.[1]

*September 11—October 8, 1929.*

[1] Paragraphs 1 to 3 embody portions of the American Law Institute Restatement No. 1 sanctioned by the court.

530

532

For the appellant there were briefs by *Hoyt, Bender, Mc-Intyre & Hoyt* of Milwaukee, and oral argument by *Frank M. Hoyt.*

For the respondents there was a brief by *L. A. Zavitovsky* and *Gold & McCann,* all of Milwaukee, and oral argument by *Walter L. Gold.*

ROSENBERRY, C. J. The question presented is whether or not Biersach, the agent, had the power to bind his principal by the acceptance of payments from the plaintiff's customers which he was not authorized to receive. The authority of an agent to act for his principal is often said to be of two kinds—express and implied; and having reference to its extent, is said to be general or special. The word "authority" is used in connection with the power of an agent to bind his

principal in different senses. As used in some instances it means the power which the principal has conferred directly upon the agent—in other words, express authority. Power to bind the principal may result also from consent of the principal manifested to third persons by formal or informal writings or by spoken words, or it may result from manifestations of consent on the part of the principal implied from authority to do other acts. This is called apparent authority. An agency resulting from apparent authority is often spoken of in the books as an agency by holding out or as an agency created by way of estoppel. The distinction between authority and apparent authority is important. A principal may direct an agent not to do a particular act; as to that act the agent has no authority. The principal may by words or conduct lead a third person to believe reasonably that the agent has authority to act for the principal with respect to the forbidden act. If under such circumstances the agent acts, the principal is bound although the agent had no authority because the agent had apparent authority. (American Law Institute Restatement No. 1.) While the principal is bound as far as third persons are concerned by the agent's exercise of apparent authority, as between agent and principal the legal consequences are quite different. It is apparent that if the agent Biersach had authority to accept payment of accounts other than those which were overdue, it was by reason of apparent authority resulting from manifestations made by plaintiff to the defendants.

In *Voell v. Klein*, 184 Wis. 620, 200 N. W. 364, it was held that where appearances for which a principal is responsible give third persons dealing with an agent reasonable ground to believe the agent possesses power to act for his principal in a particular transaction, the principal is as responsible as if the agent possessed the power he apparently possesses; and in that case it was held that an agent with

authority to sell an automobile had apparent authority to receive an automobile in exchange in part payment for the one sold.

The question here is, Were there such manifestations on the part of the plaintiff made to the defendants as reasonably induced them to believe that the plaintiff had authorized Biersach to receive payment and that they made payment relying upon such apparent authority? The plaintiff put the agent Biersach in a responsible position in his business by virtue of which he was authorized to enter into contracts, to make prices, to waive liens, to oversee installation of goods sold, to make adjustments where the goods were not as ordered, and to collect accounts where accounts were overdue. In addition to that, the defendants had been advised that Mr. Biersach would take care of them, and for a period of six years during which they had dealt with the plaintiff their dealings were almost entirely through the agent Biersach. Biersach took the orders; pursuant thereto the goods appeared from the shop of the plaintiff, being delivered, so far as defendants could see, in the regular course of business. It probably never occurred to the defendants and would not occur to very many contractors that an agent could take an order for goods, have the goods manufactured in his principal's shop and delivered by the principal's teamsters in the regular course of business, without the knowledge of the principal.

It is considered that the evidence fully warrants the finding of the jury in answer to the first question. The trial court correctly held that payments made to Biersach by check payable to his order, which checks were cashed by Biersach, were no different than payments made in cash or in checks payable to "cash" so far as the legal effect of the transaction was concerned. It is true that ordinarily an agent to collect has power to receive nothing but cash unless a general

custom that something else may be taken in lieu of cash is shown; yet where the checks are in fact cashed by the agent, the principal is bound. *Griffin v. Erskine,* 131 Iowa, 444, 109 N. W. 13. The court was fully justified in changing the answer to question number two from "No" to "Yes."

*By the Court.*—Judgment affirmed.