PRAH, Respondent, vs. EBENER, Appellant.

*October 9—November 5, 1929.*

For the appellant there was a brief by *Dunn & Hirschboeck* of Milwaukee, and oral argument by *H. C. Hirschboeck*.

For the respondent there was a brief by *Rubin & Zabel*, attorneys, and *R. R. Stauff*, of counsel, all of Milwaukee, and oral argument by *Mr. Stauff*.

CROWNHART, J. The appellant owned and operated a garage and automobile sales agency. He sold cars of all makes that were taken in, in trade for new cars. He em-

ployed one Terril as a sales agent to sell cars for him. He provided Terril with order blanks for use in procuring orders from purchasers of cars. On these blanks were printed the name, location of business, and phone number of appellant. The blanks provided for the name, type, and date of delivery of car; cash delivery price, and printed on the blanks the words:

Less deposit of.....................
Less allowance on........car No......
Balance due ...................

There was a line for the signature of the purchaser, and one for the salesman, preceded by the printed word "Salesman."

Terril, as agent for the appellant, sold the respondent a Hudson car. The car was delivered and paid for. Then later Terril induced respondent to exchange his Hudson for an Auburn, by paying $500 in addition. The contract was in writing on one of such order blanks. Terril filled in the blank in his handwriting, signed same as salesman, and respondent signed same as purchaser. The writing showed a deposit of $400, allowance for the Hudson of $700, and balance due $100. Before the contract was signed, Terril demonstrated the Auburn car to respondent.

Terril received the $400 cash deposit, absconded with the money, and appellant refused to deliver to respondent the Auburn car.

The appellant contends that Terril did not procure the order for the appellant, but for himself or the owner of the Auburn car.

The appellant had clothed Terril with apparent authority to act for him in the sale of cars, including the authority to accept cars in trade and cash payments. He was bound by the acts of his agent in the exercise of the agent's apparent authority. *Zummach v. Polasek,* 199 Wis. 529, 227 N. W. 33; *Voell v. Klein,* 184 Wis. 620, 200 N. W. 364. The

agent acted within such authority. Not only this, but on a previous occasion he had made a sale of a car to respondent in the same manner, and appellant had ratified and carried out the deal.

Terril did not claim to act for the owner of the car but for the appellant. He represented to the respondent that the owner of the Auburn car had traded in the Auburn car to appellant for a Nash car, and that the appellant was the owner of the Auburn car. The appellant had formerly been agent for Auburn cars, but had given up that agency, and at the time the respondent made his contract for the Auburn car had the agency for Nash cars. The testimony as well as the written contract are conclusive that Terril acted as agent for the appellant in the sale of the Auburn car.

It is also claimed that respondent did not tender performance on his part. It conclusively appears from the testimony of the appellant that any such tender was useless because he refused to recognize the validity of the acts of Terril in making the sale of the Auburn car, and refused to deliver to respondent the Auburn car.

The appellant makes the further claim that the court erred in directing a verdict for the respondent. There was no substantial dispute as to the facts, and the court was right in directing the verdict.

*By the Court.*—The judgment of the circuit court is affirmed.

FRITZ, J., took no part.