LIVINGSTON COUNTY TRUST COMPANY, Respondent, vs. GREEN BAY CANNING COMPANY, imp., Appellant.

*December 9, 1930—April 7, 1931.*

258

For the appellant there were briefs by *Silverwood & Fontaine* of Green Bay, attorneys, and *Richmond, Jackman, Wilkie & Toebaas* of Madison of counsel, and oral argument by *T. P. Silverwood*.

For the respondent there was a brief by *Kittell, Jaseph, Young & Everson* of Green Bay, and oral argument by *E. L. Everson*.

The following opinion was filed January 13, 1931:

ROSENBERRY, C. J.   The controversy in this case relates very largely to questions of fact and a very complicated and intricate factual situation is presented by the evidence and findings.   Were it not for the fact that two questions of law are presented, which are somewhat novel and which are

controlling in the case, we might well affirm the case without opinion under rule 64. We have not attempted in the statement of facts already made, nor shall we in the opinion, try to set forth all of the facts, but simply state enough to disclose the questions of law with which we propose to deal.

The principal contention of the defendant Canning Company is that plaintiff's acceptance of the $20,000 draft was conditional or qualified. Sec. 118.16, Stats. (Negotiable Instruments Act), provides:

"An acceptance is qualified, which is:
"(1) Conditional, that is to say, which makes payment by the acceptor dependent on the fulfilment of a condition therein stated."

The acceptance by the plaintiff of the $20,000 draft was as follows:

"November 10, 1927, accepted. Payable February 8, 1928. Payable at the office of undersigned.
"LIVINGSTON COUNTY TRUST COMPANY,
"Geneseo, New York.
"By P. L. Euchner. O.K. C.N.L."

We have no difficulty in concluding that any arguments based upon a claim that there was a qualified acceptance of the $20,000 draft are not well founded.

The defendant Canning Company further claims that its agent, the Acceptance Corporation, was without authority to enter into an arrangement which it made with the plaintiff bank; that the Acceptance Corporation was an agent solely to procure the acceptance and discount of the drafts forwarded to it by the defendant Canning Company and remit the proceeds. The difficulty with this argument is that the $10,000 which was returned by the Acceptance Corporation to the plaintiff was immediately placed to the credit of the defendant Canning Company, and had the transaction been honestly conducted there would have been outstanding as to

the Canning Company a $10,000 liability instead of a $20,000 liability. The $10,000 having been applied by the plaintiff to the benefit of the defendant Canning Company, it is in no position to question the transaction at this time, and in any event it is not perceived how it could have been damaged in a legal sense. To be sure, it did not procure the $20,000 which it expected to procure on the $15,000 of collateral, but that was the fault of the defendant Canning Company's agent and not of the plaintiff. The plaintiff gave value received for everything which it got. When the defendant Canning Company had knowledge of the true situation it sent a $10,000 draft to take up the $20,000 draft upon which $10,000 had already been paid and upon which $10,000 was still due. At the time when it did this it knew that the $20,000 was outstanding in the hands of an out-of-town bank and that it had not received the proceeds thereof, nevertheless it took steps to discharge it.

The complaint in this case contained two counts—one on account of the $10,000 draft and one on account of the $10,000 remaining due upon the $20,000 draft,—and whether the case be considered upon one or the other count the circumstances are the same. The defendant Canning Company has had the benefit of the $10,000 of the plaintiff's funds, which it agreed to replace with the plaintiff by virtue of the terms of its acceptance agreement and which sum has not been replaced. The fact that the defendant Canning Company's agent embezzled some of its funds does not affect its liability to the plaintiff.

The second contention made by the defendant Canning Company is that it is entitled to credit for the amount received by the Livingston Bond & Share Company on a resale of the Modern Service Finance Company stock in the amount of its indebtedness to the plaintiff. This claim is based principally upon the fact that one P. C. Euchner is the man who

dominates the plaintiff Trust Company and the Livingston Bond & Share Corporation. Also overreaching is predicated upon the fact that on the day the stock was sold at public auction at $2.88 a unit, 100 units were resold for $14.50 a unit. In respect to this controversy the trial court found that early in May, 1928, the plaintiff offered all of its collateral to the defendant Canning Company upon condition that the defendant Canning Company pay to it the amount then owing from it to the plaintiff, and in addition the amount owing by the Acceptance Corporation to the plaintiff; that is, the plaintiff offered to turn over the whole of its securities if the defendant Canning Company would pay the amount due to the plaintiff by it and by the Acceptance Corporation. If the plaintiff's offer had been accepted the defendant could then have proceeded to realize upon the collateral in any way which it saw fit. The trial court also found in accordance with the contention of the plaintiff, that the Modern Service Finance Company stock was deposited as collateral to the indebtedness owing to the plaintiff by the Acceptance Corporation. Mr. Moore of the Acceptance Corporation tried to get the plaintiff to enter into another and different arrangement. This negotiation was opened by a telephone conversation, as a result of which Moore sent to the plaintiff additional stock and his note for $16,000 without any letter or memorandum. The plaintiff promptly returned the note but retained the stock in accordance with what it claimed the understanding was over the telephone. While Moore expressed some dissatisfaction, he ultimately accepted the situation so that the stock was in fact deposited solely as collateral to the indebtedness due to the plaintiff from the Acceptance Corporation. The trial court found, and the evidence is without dispute in that respect, that the stock was sold pursuant to the power to sell at public sale; that it had a widely fluctuating value; that the sale was

fair and above board, and that no unfair advantage was taken of either the defendant Canning Company or the Acceptance Corporation upon the sale. If the defendant Canning Company considered the stock of great value it should have accepted the plaintiff's offer and not required the plaintiff to proceed at its peril and thereafter seek to take advantage of the situation if it was favorable and to leave the plaintiff with the liabilities if it proved to be unfavorable. The stock did not realize enough to pay the indebtedness owing to the plaintiff, so that there was nothing to be applied upon the indebtedness owing from the Canning Company to the plaintiff; nor was the Canning Company, not being a party to the pledge, entitled to notice. The plaintiff cannot be accused of undue haste in realizing upon the collateral when it waited from May to August before proceeding to enforce its claims against the embezzling Acceptance Corporation.

There are other matters argued in briefs of counsel, but we are of the opinion that they do not require separate treatment and discussion. The trial court filed an exhaustive opinion containing a detailed statement of the facts and his views of the law, in which we fully concur.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on April 7, 1931.